IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CAROL REEVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-300-KC |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP"), ECF No. 1, Plaintiff's Motion for Oral Hearing, ECF No. 2, and Plaintiff's Motion to Vacate and Change Cause, ECF No. 3.[1]  When Plaintiff's Motion to Proceed IFP was filed, it was referred to United States Magistrate Judge Miguel A. Torres for a Report and Recommendation.  The Court hereby **WITHDRAWS** the reference to Judge Torres, and proceeds to consider the case in the first instance.  Additionally, for the reasons set forth herein, Plaintiff's Motion to Proceed IFP is **GRANTED**, the case is **DISMISSED** with prejudice, and Plaintiff's Motion for Oral Hearing and Motion to Vacate and Change Cause are **DENIED** as moot.

## I.      BACKGROUND

The present case is the latest in a series of cases Plaintiff has litigated in this court since 2009, relating to the foreclosure of a property located at 2500 Penwood Drive, El Paso, TX 79935 ("2500 Penwood Property").  *See, e.g.*, *Reeves v. Wells Fargo Bank, N.A.*, EP-14-CV-187-DCG; *Reeves v. Wells Fargo Bank*, EP-13-CV-318-DCG; *Reeves v. Wells Fargo Bank, N.A.*, EP-13-CV-204-DCG; *Gillespie v.*

---

[1] Carol Reeves names herself as Plaintiff, and Wells Fargo Bank, N.A. as Defendant, in her Motion to Proceed IFP and in three of her exhibits, *see* Mot. to Proceed IFP Ex. 1-3, while also indicating that she is seeking removal of a state court action in which she is the defendant to federal court, *see id*. Ex. 1, 3, 5.  To minimize confusion, this Court refers to Carol Reeves as "Plaintiff," consistent with her filings.  Nonetheless, the Court analyzes the Motion to Remove, *id*. Ex. 3, as an attempt to remove a state court case to federal court.   The Court also addresses the possibility that Plaintiff is attempting to file a complaint originally in this Court.

*Wells Fargo Home Mortg.*, EP-10-CV-240-KC; *Reeves v. Corp. of Texas*, EP-09-CV-271-KC.[2]  Most

recently, Plaintiff attempted to remove a state court case, in which she was named as a defendant, to

federal court.  *See* Order Remanding Case, *Wells Fargo Bank, N.A. v. Stevenson*, EP-15-CV-293-DCG,

ECF No. 3 (W.D. Tex. Oct. 7, 2015).  In that case, United States District Judge David C. Guaderrama

issued an order on October 7, 2015, remanding Plaintiff's state court case and warning her that "[b]ased

on the complete lack of merit of the Notice [of Removal] and its extensive history related to the facts of

this case, . . . [Plaintiff's] continual attempts to forum shop and re-litigate settled matters may result in

sanctions."  *Id*. at 3-4.

On October 13, 2015, Plaintiff, proceeding pro se, filed a Motion to Proceed IFP in the present

case.  Attached to Plaintiff's Motion to Proceed IFP were five documents: (1) a Leave of Court to File in

Forma Pauperis, Mot. to Proceed IFP Ex. 1; (2) a Civil Cover Sheet, *id*. Ex. 2; (3) a Motion to Remove,

*id*. Ex. 3; (4) an October 7, 2015, Judgment ("October 7 Judgment") against Plaintiff from a Justice of the

Peace Court in El Paso County, Texas, granting summary judgment in favor of Wells Fargo Bank, N.A.

as plaintiff, *id*. Ex. 4; and (5) a "Notice of De Novo Removal," *id*. Ex. 5, filed in what appears to be the

same case in which the Justice of the Peace Court in El Paso County, Texas issued its October 7

Judgment.  The state case Plaintiff seeks to remove (hereinafter, "State Case") also appears to be the same

case Plaintiff unsuccessfully sought to remove earlier this month.  *Compare Stevenson*, EP-15-CV-293-

DCG, ECF No. 1 Ex. 1 (referring to case number 413-282-FED) and October 7 Judgment 1 (same).

In her Motion to Remove, Plaintiff avers that this Court has both diversity and federal question

jurisdiction.  *See* Mot. to Remove 1 ("Jurisdiction is based on diversity, 28 USC § 1331 as well as a

Federal Question under 28 USC § 1332.  Wells Fargo Bank, NA is out of South Carolina . . . .

Plaintiff  . . . is from El Paso, Texas.").  Plaintiff indicates that she is filing the present case under 28

U.S.C. § 1446(c).  *See* Civil Cover Sheet.  In her Motion to Remove, Plaintiff invokes 28 U.S.C.

§ 1446(c)(1), Federal Rules of Civil Procedure 60(b)(3) and (d)(3), and 18 U.S.C. § 2071.  *See* Mot. to

Remove 1-2.

---

[2] A more in-depth review of the facts surrounding these cases can be found in Order Granting Motion for Summary
Judgment at 2-5, *Reeves v. Wells Fargo Bank, N.A.*, EP-14-187-DCG (W.D. Tex. Sept. 4, 2015), ECF No. 116.

## II.   DISCUSSION

### A.  Removal

Under 28 U.S.C. § 1441, a defendant may remove a state case to federal court.  To remove a case to federal court, a defendant must comply with various procedural requirements, such as filing in the federal district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal," as well as "a copy of all process, pleadings, and orders" served upon the defendant in the case.  28 U.S.C. § 1446(a).

Beyond these procedural requirements, a defendant may only remove a state court case that is pending.  *See id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is *pending*." (emphasis added)).  Thus, a defendant may not attempt to remove a state court case once it has been closed.  *See Roane v. Everbank*, No. 2:13-cv-1819-CWH, 2013 WL 4505415, at *7 (D.S.C. Aug. 22, 2013) ("[I]t is self-evident that the removal provisions require the existence of a currently pending state court action.  A defendant in a state court civil action cannot remove the action to federal court . . . after the state court civil action has ended."); *Ga. Dep't of Human Res., ex rel., D.J. v. Jenkins*, No. CV 112-118, 2013 WL 326199, at *2 (S.D. Ga. Jan. 2, 2013) ("[N]o underlying case exists for Defendant to remove . . . . [E]ven if the Court *did* have jurisdiction over Defendant's claim, Defendant's attempted 'removal' of his case to federal court is misguided, in that the case that he is attempting to remove was closed in 2005 . . . . Logically, a closed case simply cannot be removed to federal court.").

Furthermore, "[t]he removing party bears the burden of establishing jurisdiction."  *Fed. Nat. Mortg. Ass'n v. Fagnan*, No. 3:12-cv-5050-G-BN, 2013 WL 840811, at *1 (N.D. Tex. Feb. 11, 2013) (citing *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001)).[3]  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established

---

[3] The Court recognizes, however, that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F. 2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Paragas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over two types of cases: those based upon federal question and those based upon diversity of citizenship. *See id.* §§ 1331, 1332.

Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. A "well-pleaded complaint" must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (internal quotation marks omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

Subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332, requires that the amount in controversy exceed $75,000 and requires complete diversity of citizenship, that the citizenship of each plaintiff is diverse from the citizenship of each defendant. *See id.* § 1332(a). "If no amount of damages has been alleged in the state court petition, the [party seeking removal] must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Fagnan*, 2013 WL 840811, at *2 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995)).

Although there are a multitude of procedural defects in Plaintiff's effort to remove the State Case to federal court, such as her failure to comply with the filing requirements set forth in 28 U.S.C. § 1441, there are significant threshold issues with her Motion to Remove that necessitate dismissal of the case.

For example, as far as the Court can tell, Plaintiff is attempting to remove a state court case that has already concluded.  *See* October 7 Judgment (granting summary judgment).  Because Plaintiff has not indicated that she is trying to remove a *pending* state court case, there appears to be no case for Plaintiff to remove to this Court and this case can be dismissed on this ground alone.  *See* 28 U.S.C. § 1441(a); *Everbank*, 2013 WL 4505415, at *7; *Jenkins*, 2013 WL 326199, at *2.

Moreover, Plaintiff has failed to demonstrate that this Court would have had original jurisdiction over the State Case, thereby failing to meet her burden of establishing this Court's subject matter jurisdiction.  Plaintiff asserts that jurisdiction is based on both federal question, 28 U.S.C. § 1332, and diversity of citizenship, 28 U.S.C. § 1331.  *See* Mot. to Remove 1.  However, Plaintiff has not indicated that Wells Fargo Bank, N.A.'s petition in the State Case presents a federal question.  In fact, Plaintiff has not provided any petition to allow this Court to discern whether it is a "well-pleaded complaint" establishing "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Borden*, 589 F.3d at 172 (quoting *Franchise Tax Bd*, 463 U.S. at 27-28).[4]  Accordingly, Plaintiff has failed to establish federal question jurisdiction.  *See id.*; *Metro Ford Truck Sales, Inc.*, 145 F.3d at 326.

Furthermore, even if the parties are diverse pursuant to 28 U.S.C. § 1331, Plaintiff has not demonstrated that Wells Fargo alleged damages in excess of $75,000 in its state court petition, nor has she attempted to prove by a preponderance of the evidence that the amount in controversy in the State Case exceeds $75,000, as required by § 1331 to establish diversity jurisdiction.  *See Fagnan*, 2013 WL 840811, at *2 (citing *De Aguilar*, 47 F.3d at 1409).  Thus, Plaintiff has also failed to establish diversity of citizenship jurisdiction.  Accordingly, this Court lacks subject matter jurisdiction over the case.

### B.  Plaintiff's Motion to Remove Construed as a Complaint

To the extent Plaintiff attempts, through her Motion to Remove, to file a complaint initiating a new case in this Court, the Court similarly finds Plaintiff's arguments incomprehensible and thereby

---

[4] Significantly, Judge Guaderrama already determined that Plaintiff's State Case did not provide the court with federal question jurisdiction.  *See* Order Remanding Case at 3, *Wells Fargo Bank, N.A. v. Stevenson*, EP-15-CV-293-DCG.

meritless.  Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a proceeding in forma pauperis "at any

time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim

on which relief may be granted."  *Id.* § 1915(e)(2).  Though a complaint need not contain "detailed"

factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is

plausible on its face."  *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).   "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 556).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).  Ultimately, the "[f]actual

allegations [in the complaint] must be enough to raise a right to relief above the speculative level."  *Id.*

(citation omitted).  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge

that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at

556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The court must hold a pro se complaint, "to less stringent standards than formal pleadings drafted

by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed

so as to do justice.").  It is appropriate to treat a pro se petition as one seeking the appropriate remedy,

however inartfully pleaded.  *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000); *United States v.*

*Robinson*, 78 F.3d 172, 174 (5th Cir. 1996).  However, pro se litigants are still required to provide

sufficient facts in support of their claims; mere conclusory allegations are insufficient.  *See United States*

*v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

In her Motion to Remove, Plaintiff invokes 28 U.S.C. § 1446(c)(1), Federal Rules of Civil

Procedure 60(b)(3) and (d)(3), and 18 U.S.C. § 2071 as the basis for her claim.  Mot. to Remove 1.  With

respect to 28 U.S.C. § 1446(c)(1), Plaintiff states: "The bad faith by the Defendant is easily shown on the document of October 7, 2015 being an order drawn up by Wells Fargo NA and its agents, thus qualifying under 28 U.S.C. § 1446(c)(1)." Mot. to Remove 1.  Additionally, Plaintiff states that "[c]ivilly, this issue is, Fraud upon the Court and is covered under Rule 60(d)(3) Fed. R. Civ. P." Mot. to Remove 1.  With respect to 18 U.S.C. § 2071, Plaintiff states that "all actors are specifically accountable for breaking [the statute]" and that "[c]lerks within the court system including judges that falsify and conceal have indeed violated [the statute]." Mot. to Remove 3.

Even construing such language liberally, the Court finds this language incomprehensible, and is at a loss to detect "a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 555, 570. Thus, even under the most forgiving reading, Plaintiff's invocations of 28 U.S.C. § 1446(c)(1), Rule 60 (b)(3) and (d)(3), and 18 U.S.C. § 2071 fail to state a claim, are frivolous, and must be dismissed. *See* 28 U.S.C. § 1915(e); *Feldmann v. Wisconsin*, No. EP-14-CV-364-PRM, 2014 WL 10179243, at \*1, 4 (W.D. Tex. Oct. 7, 2014) (dismissing incomprehensible and baseless complaint pursuant 28 U.S.C. § 1915(e)(2)) *Flores v. El Paso Police Dept.*, No. EP-11-CV-307-PRM, 2011 WL 3666711, at \*3 (W.D. Tex. Jul. 28, 2011) (same). [5]

When a court dismisses one or more of a plaintiff's claims pursuant to Rule 12(b)(6), the court should generally give the plaintiff an opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247-48 n.6 (5th Cir. 2000).  "The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. Jan. 7, 2015) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Upon due consideration, and in light of Plaintiff's previous identical and meritless attempt to remove the State Case to federal court, as well as Judge Guaderrama's admonition that Plaintiff refrain

---

[5] Moreover, 18 U.S.C. § 2071 criminalizes unlawful destruction of government records. *See* 18 U.S.C. § 2071; *United States v. Evans*, 572 F.2d 455, 463 (5th Cir. 1979).  Plaintiff's claim under this statute must also be dismissed because Plaintiff offers "no reason to conclude that [18 U.S.C. § 2071 is] anything other than [a] 'bare criminal statute[]' devoid of private rights of action." *Estrada v. Donahoe*, No. EP-14-CV-254-PRM, 2014 WL 10178980, at \*5 (W.D. Tex. Nov. 17, 2014) (quoting *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975))).

from filing frivolous pleadings, *see* Order Remanding Case at 3-4, *Wells Fargo Bank, N.A. v. Stevenson*, EP-15-CV-293-DCG, and the numerous other cases brought by Plaintiff regarding the 2500 Penwood Property, the Court holds that Plaintiff should not be granted an opportunity to amend what might be construed as her complaint. Plaintiff need not be granted leave to amend because the defects in this "complaint" are incurable and granting Plaintiff leave to amend would be futile. *See Pierce*, 600 F. App'x at 200. Thus, the Court denies Plaintiff leave to amend her "complaint."

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Proceed IFP, ECF No. 1, is **GRANTED**. However, due to the defects in Plaintiff's attempt to remove the State Case, the Court's lack of subject matter jurisdiction, Plaintiff's failure to state a claim upon which relief can be granted, and Plaintiff's repeated filings regarding the foreclosure of the 2500 Penwood Property, not to mention Judge Guaderrama's Order warning Plaintiff not to submit further frivolous pleadings related to this matter, the case is **DISMISSED**. Accordingly, Plaintiff's Motion for Oral Hearing, ECF No. 2, and Motion to Vacate and Change Cause, ECF No. 3, are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff Carol L. Reeves is **WARNED** a final time that filing future frivolous pleadings regarding the foreclosure of the 2500 Penwood Property may result in the imposition of sanctions against her.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 22nd day of October, 2015.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE